IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Exzerra Lashawn Williams, | ) | |
| | ) | Civil Action No. 1:13-70-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Exzerra Lashawn Williams ("Williams") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under the Social Security Act. This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 23.) The Report recommends that the Commissioner's decision be reversed and remanded, pursuant to sentence four of § 405(g), for further proceedings consistent with the Report. Plaintiff has not filed any objections to the Report, and on June 26, 2014, the Commissioner filed a notice of her intent not to file any objections to the Report. (ECF No. 25).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In her Report, the magistrate judge recommends remanding this matter to the ALJ for: further consideration of Williams' RFC, specifically additional consideration of her alleged nonexertional impairments; further consideration of the necessity of a vocational expert; greater explanation regarding Listing 12.02; and consideration of Williams' alleged nonexertional impairments in combination with her other impairments. (Report at 22, 24). The Commission does not object.

After a thorough and careful review of the record, the court adopts the Report. (ECF No. 23). Accordingly, the Commissioner's final decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

June 26, 2014
Anderson, South Carolina