IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Exzerra Lashawn Williams, | ) | |
| | ) | C/A No. 1:13-0070-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

On July 25, 2014, Plaintiff Exzerra Lashawn Williams ("Williams") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. (ECF No.28). The Commissioner responded on August 4, 2014, stating that the parties have agreed to an award of $3,132.01 for attorney's fees. (ECF No. 29).

In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA in the amount agreed upon by the parties. Accordingly, Williams' motion for attorney's fees (ECF No. 28) is **GRANTED**, and Williams is awarded

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action.

$3,132.01 in attorney's fees.[2]

    **IT IS SO ORDERED.**

                          s/Timothy M. Cain
                          United States District Judge

August 12, 2014
Anderson, South Carolina

---

[2] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).